[S. F. No. 11515. In Bank.—March 11, 1925.]

## MAY HARLEY JENKS, Executrix, etc., Appellant, v. LOUIS R. LURIE et al., Respondents.

[1] APPEAL — MOTION TO DISMISS—ACTION TO SET ASIDE SALE — FRAUD AND MISTAKE—MERITS OF APPEAL.—In an action by an executrix to rescind, upon the grounds of fraud and mistake, a sale of a contingent reversionary interest in real property arising out of building restrictions, where the answer sets up as an affirmative defense that the sale and conveyance sought to be rescinded were made by plaintiff as executrix, that the sale was duly reported to and affirmed by the court in the probate proceedings, that no appeal was taken from the order of confirmation, that the time for appeal therefrom has elapsed and the same has become final, and that the matters involved are therefore *res adjudicata*, which facts, pleaded in the answer, are relied upon in support of a motion to dismiss an appeal from the judgment, the question raised is one going to the merits of the action, to be determined upon an appeal from the judgment, and the motion to dismiss will, therefore, be denied without prejudice.

[2] ID.—MOTION TO DISMISS—GENERAL RULE.—The general rule is that the supreme court will not entertain a motion to dismiss an appeal in a case where a determination of the motion necessitates an investigation and consideration of the merits of the case.

(1) 4 C. J., p. 603, n. 36, p. 1125, n. 81.   (2) 4 C. J., p. 602, n. 33.

MOTION to dismiss appeal. Denied.

The facts are stated in the opinion of the court.

Hiram W. Johnson, Jr., and Leo J. Rabinowitz for Appellant.

Louis Ferrari, Monroe & Harding and J. J. Posner for Respondents.

THE COURT.—This is a motion to dismiss the appeal upon the grounds that the controversy involved therein has

2. See 2 Cal. Jur. 771.

been determined in a proceeding over which this court has no jurisdiction; that such determination has become final so that this court cannot grant effectual relief upon this appeal, and that, therefore, this controversy is moot and presents no genuine issue to this court.

[1] This action was brought by plaintiff as executrix of said estate to rescind and set aside upon the grounds of fraud and mistake a sale and conveyance theretofore made by her of a contingent reversionary interest in certain real property arising out of building restrictions contained in a previous conveyance of said property. The answer sets up as an affirmative defense that the sale and conveyance sought to be rescinded was made by plaintiff as executrix; that the sale was duly reported to and confirmed by the court in the probate proceedings; that no appeal was taken from the order of confirmation; that the time for appeal therefrom has elapsed and the same has become final, and that the matters involved herein are therefore *res adjudicata.* The facts so pleaded are the facts which are relied upon in support of this motion to dismiss the appeal. It thus appears that the grounds of this motion are not in reality that the appeal has become moot, or even that the controversy herein is moot. The real ground of the motion is the claim that respondents' defense of *res adjudicata,* or estoppel by judgment, was a valid and complete defense to the action; that it ought to have been sustained by the trial court; that the judgment in favor of the defendants, therefore, was correct, and that the appeal therefrom is without merit. But this is a question going to the merits of the action which was litigated in the trial court herein and which is involved and to be determined upon this appeal. This court has sometimes entertained a motion to affirm the judgment on the ground that the appeal is without merit, in that the record on appeal discloses nothing which would justify a reversal of the judgment. But this is done ordinarily in cases where the lack of merit in the appeal is plainly apparent from a mere inspection of the record (as, for example, where the appeal is upon the ground of insufficiency of the evidence, or errors in ruling thereon, and there is no duly authenticated bill of exceptions or reporter's transcript in the record upon appeal). In order to entertain

and act upon this motion we must, perforce, consider and decide one of the principal questions going to the merits of the action and one which was litigated and determined in the trial court. **[2]** The general rule is that this court will not entertain a motion to dismiss an appeal in cases where a determination of the motion necessitates an investigation and consideration of the merits of the case (*Ricketson* v. *Torres,* 23 Cal. 636, 649; *Foscalina* v. *Doyle,* 48 Cal. 151; *In re Blythe,* 108 Cal. 124, 127 [41 Pac. 33]; *Estate of Sharp,* 10 Cal. App. 1 [100 Pac. 1071]). If we should entertain this motion and ultimately grant it the result would be in effect an advancement of this cause (without any showing of good reason therefor) and the decision thereof upon the merits in advance of other cases which are ahead of it upon our calendar. If we should take this motion under submission and ultimately deny it the result would be that we should thereafter have to again take the same case under submission as to the remaining questions involved in this appeal. In other words, we should be rendering two opinions in the same case upon the same appeal, each of which would determine but a portion of the case upon the merits. (See 2 Cal. Jur., sec. 749.)

The motion is, therefore, denied without prejudice to the future consideration upon this appeal of the questions involved therein.