[L. A. No. 8236. In Bank.—July 14, 1925.]

## R. D. WEAVER, Respondent, v. GEORGE E. FICKETT et al., Appellants.

[1] APPEAL—FINDINGS OF REFEREE—JUDGMENT-ROLL — SUPPLEMENTAL TRANSCRIPT.—The findings of a referee, which were not included in the "judgment-roll" as the same was made up by the clerk of the trial court, should have been so included, and may be regarded for the purposes of this appeal as a part of the judgment-roll where there is on file a "supplemental clerk's transcript," containing, among other things, the report and finding of the referee.

[2] ID.—REPORTER'S TRANSCRIPT—BILL OF EXCEPTIONS—ABSENCE FROM RECORD—AFFIRMANCE OF JUDGMENT.—The absence in the record upon appeal of a reporter's transcript or bill of exceptions is not in and of itself a ground for affirmance of the judgment.

[3] ID.—TRANSCRIPT OF JUDGMENT-ROLL—NOTICE OF APPEAL—SUFFICIENCY OF RECORD.—The transcript of a judgment-roll, together with notice of appeal, is a sufficient record upon appeal if the appellant elects to prosecute his appeal upon such a record. If the grounds for appeal appear in the judgment-roll no bill of exceptions or reporter's transcript is required.

[4] ID.—JUDGMENT-ROLL—CONSIDERATION OF POINTS—DENIAL OF MOTION FOR AFFIRMANCE.—Where points in appellants' opening brief are that the judgment appealed from is not supported by the findings and that the complaint does not state a cause of action, and

---

2.  See 2 **Cal. Jur.** 533.

such points may be considered and determined upon an inspection of the judgment-roll alone, which forms a part of the record on appeal, respondent's motion to affirm the judgment upon the ground that no reporter's transcript has been settled, certified, or filed upon appeal, will be denied, because a consideration and determination of such points at the time of passing on said motion would involve in effect a determination of the merits of the appeal, and would effect an unwarranted advancement of the case.

[5] ID.—REPORTER'S TRANSCRIPT—SETTLEMENT AND CERTIFICATION OF—PROVINCE OF TRIAL JUDGE—SECTION 473, CODE OF CIVIL PROCEDURE. The matter of the settlement and certification of a reporter's transcript for use upon appeal is committed, in the first instance, to the trial judge; and an application under section 473 of the Code of Civil Procedure for relief from failure to have settled and certified such a transcript should be addressed to the trial court.

(1) 4 **C. J.**, p. 156, n. 35.  (2) 4 **C. J.**, p. 209, n. 21, p. 214, n. 49.  (3) 4 **C. J.**, p. 425, n. 83.  (4) 4 **C. J.**, p. 180, n. 33, p. 1129, n. 57 New.  (5) 4 **C. J.**, p. 248, n. 30, p. 493, n. 71, p. 495, n. 85.

MOTION to affirm judgment upon ground that no reporter's transcript has been settled, certified, or filed. Motion denied.

The facts are stated in the opinion of the court.

Davis & Thorne for Appellants.

G. C. DeGarmo and H. B. Cornell for Respondent.

THE COURT.—This is a motion to affirm the judgment upon the ground that no reporter's transcript has been settled, certified, or filed upon this appeal, the appeal having been taken pursuant to the provisions of Code of Civil Procedure, section 953a et seq. The record upon appeal now on file in this court consists of a "clerk's transcript," containing a certified copy of the judgment-roll, the notice of appeal, and the notice to the clerk to prepare transcript. There is also a "supplemental clerk's transcript," containing certified copies of a bill of particulars, demand for bill of particulars, order appointing referee, report and finding of referee, exceptions to the report of referee and of certain other documents on file in the office of the clerk of the trial court. [1] The findings of the referee were not included in the "judgment-roll" as the same was made up by the

clerk of the trial court. They should have been so included
(Code Civ. Proc., sec. 670), and doubtless may be regarded
for the purposes of this appeal as a part of the judgment-
roll. [2] The absence in the record upon appeal of a
reporter's transcript or bill of exceptions is not in and of
itself a ground for affirmance of the judgment. [3] The
transcript of a judgment-roll, together with notice of appeal,
is a sufficient record upon appeal if the appellant elects to
prosecute his appeal upon such a record. If the grounds for
appeal appear in the judgment-roll no bill of exceptions or re-
porter's transcript is required. (2 Cal. Jur., p. 527.) [4]
Appellants' opening brief is on file herein and it appears
therefrom that they urge various points upon this appeal
which cannot be considered in the absence of reporter's
transcript, but they also make the points that the judgment
appealed from is not supported by the findings and that
the complaint herein does not state a cause of action. These
points may be considered and determined upon an inspec-
tion of the judgment-roll alone. The motion to affirm must,
therefore, be denied, because a consideration and determina-
tion of these points at this time would involve in effect a
determination of the merits of the appeal, and would effect
an unwarranted advancement of this case. (*Jenks* v. *Lurie*,
195 Cal. 582 [234 Pac. 370]; 2 Cal. Jur., p. 771.)

Appellants have filed counter-affidavits in response to the
motion, in which they show that they filed within due time
in the court below a notice to the clerk to prepare transcript,
which was sufficiently broad in its terms to require the
preparation of a reporter's transcript; that they arranged
with the reporter for his compensation therefor; that such
transcript was duly prepared by the reporter and delivered
to counsel for appellants, who examined the same and re-
turned it to the reporter for delivery to the clerk; that the
same was duly delivered by the reporter to the clerk for
presentation to the judge who tried the case; that for some
unexplained reason no time was ever fixed by the trial judge
for the settlement of the transcript, but that counsel for
appellants believed, and had some reason to believe, that the
reporter's transcript had been settled, certified and filed in
this court, and that appellants prepared and filed their
opening brief herein, believing in good faith that the re-

porter's transcript was in fact on file in this court. Appellants also filed herein an affidavit of merits, evidently intended as part of an application to this court for relief under Code of Civil Procedure, section 473. **[5]** If there is, under the present circumstances, any occasion for application for relief under this section it should be addressed to the trial court. (*Curtin* v. *Ingle,* 155 Cal. 53, 57 [99 Pac. 480]; *Morey* v. *Paladini,* 187 Cal. 727 [203 Pac. 760].) The matter of the settlement and certification of a reporter's transcript for use upon appeal is committed, in the first instance, to the trial judge. There is no proceeding now before us under which we would be entitled, if we were so disposed, to control or direct his action in this matter.

The motion to affirm is denied.