[Civ. No. 5378.    Second Appellate District, Division Two.—November
23, 1926.]

HENRY RUBIN, Respondent, v. PLATT MUSIC CO. (a
Corporation), Appellant.

[1]  Appeal—Notice of Request for Transcript—Default—Settle-
ment of Transcript — Motion to Dismiss Appeal — Presump-
tions.—Where the transcript of the testimony has been settled
by the trial judge within the six months' period from the default
of the appellant in giving notice of the request for such tran-
script, on a motion to dismiss the appeal it must be presumed
either that the objections to the settlement of the transcript were
raised, as they should have been, in the trial court, and the settle-
ment was the equivalent of relief from that default, or that the
respondent waived the default by failure to object in the trial
court.

[2]  Id.—Dismissal—Transcript—Record.—A motion to dismiss an
appeal on the ground that the appellant did not give notice of
the request for a transcript of the testimony within the required
time will be denied where the appellant's opening brief is on
file, together with the clerk's transcript, including those papers
going to make up the judgment-roll, notice of appeal, and the
notice to the clerk to prepare transcript, and points are raised
in plaintiff's opening brief which would not necessitate the re-
porter's transcript, the merits of which points cannot be deter-
mined on a motion to dismiss the appeal because such a determina-
tion would effect an unwarranted advancement of the case.

(1) 4 C. J., p. 793, n. 64 New.    (2) 4 C. J., p. 472, n. 12,

MOTION to dismiss appeal from a judgment of the Su-
perior Court of Los Angeles County.    K. S. Mahon, Judge.
Motion denied.

The facts are stated in the opinion of the court.

Peyton H. Moore and Glen E. Huntsberger for Appellant.

Harry Sherr for Respondent.

THOMPSON, J.—This is a motion to dismiss the appeal
on the ground that no transcript or bill of exceptions was

2.    See 2 Cal. Jur. 744.

filed within the time required. It appears that judgment
was entered on February 16, 1926, and notice of entry
thereof given on the same day; that notice of intention to
move for a new trial was filed within the time and on
February 26, 1926; that nothing further was done with re-
spect to the motion for a new trial and therefore it was
denied by lapse of time on April 16, 1926; on March 3,
1926, the appellant gave notice that it appealed; the motion
to dismiss the appeal was served on May 13, 1926, and came
on for hearing on the fourteenth day of June, 1926. In
the meantime, and on June 5, 1926, both the clerk's tran-
script and the reporter's transcript were filed in this court.

The two transcripts having been filed prior to the time
that the motion came on for hearing, the real ground of the
motion to dismiss is that the appellant did not give notice
of the request for a transcript of the testimony within ten
days after notice of the entry of the judgment, or within
ten days after motion for a new trial was denied by lapse
of time.

In the case of *In re Barney,* 191 Cal. 18 [214 Pac. 853],
it is said: "It has been frequently held and is now thor-
oughly established that the failure to give the notice to
prepare the typewritten record for use on appeal is not a
ground for a dismissal of the appeal. If, however, it ap-
pears from the entire record that, in the absence of a
properly authenticated reporter's transcript, there is no
record upon which a reversal of the decision could be predi-
cated, then the proper course is to move for an affirmance
of the judgment upon that ground, and upon such applica-
tion the court will consider the question as to whether or
not the record was properly prepared." And in *Mill Valley*
v. *Massachusetts etc. Co.,* 189 Cal. 52 [207 Pac. 253], it is
held that diligence in the preparation of the record on
appeal should ordinarily be subject to investigation and de-
termination in the trial court rather than in the appellate
court.

*In re Barney, supra,* would be decisive of the question
were it not for the fact that in that case the transcript was
settled more than six months after the default of the ap-
pellant in giving his notice for the preparation of the tran-
script, which delay was considered to rob the trial court of
its jurisdiction to relieve the appellant of his default. [1]

But where, as here, the transcript has been settled by the trial judge within the six months' period, it must be presumed either that the objections to its settlement were raised, as they should have been, in the trial court, and the settlement was the equivalent of relief from that default, or that the respondent waived the default by failure to object in the trial court. The latter would seem to be the situation here as is evidenced by the stipulation of respondent to the correctness of the transcript.

[2]    There is another feature of this case, however, which is determinative of the motion. The appellant's opening brief is on file, together with the clerk's transcript, including those papers going to make up the judgment-roll, notice of appeal, and the notice to the clerk to prepare transcript. From an inspection of the plaintiff's opening brief we observe that points are raised which would not necessitate the reporter's transcript, the merits of which we cannot determine at this time because a determination of the merits would effect an unwarranted advancement of the case. Under a similar state of facts the supreme court, in the case of *Weaver* v. *Frickett,* 196 Cal. 401 [238 Pac. 87], refused to dismiss the appeal on the ground that no bill of exceptions or reporter's transcript was required. What is said there is applicable to the situation here.

Motion denied.

Works, P. J., and Craig, J., concurred.