[Sac. No. 4040. In Bank.—April 27, 1927.]

## TOBIN GROCERY COMPANY, Respondent, v. FRANK SPRY et al., Appellants.

[1] APPEAL — NOTICE OF APPEAL — TIME. — Where a judgment appealed from was rendered, filed and entered in the trial court on September 13, 1926, no proceedings for a new trial being had, and the notice of appeal was served on September 28th and filed September 29th following, the notice of appeal was filed within time.

[2] ID.—NOTICE OF ENTRY OF JUDGMENT—INSUFFICIENCY OF.—Where on the date on which a judgment appealed from was rendered, and after it had been filed with the clerk of the court, counsel for the plaintiff delivered to counsel for the defendants a copy of the judgment, which, however, did not have attached thereto or indorsed thereon any statement or writing stating in any manner whatever that said judgment had been theretofore filed with the clerk of the court, this was insufficient as notice of entry of judgment, such as is required to set the time running within which the opposing party must give notice to the clerk to prepare the transcript on appeal.

[3] ID.—DELAY IN HAVING TRANSCRIPT CERTIFIED—RELIEF—SECTION 473, CODE OF CIVIL PROCEDURE.—Where delay of the appellants in having the transcript on appeal prepared was urged upon the trial judge as a reason for denying its certification, but the court, notwithstanding the delay and the objection, certified the same within less than six months from the rendition of the judgment, the certification, under the circumstances, was an exercise of the power to relieve the appellants under section 473 of the Code of Civil Procedure.

[4] ID.—OBJECTION TO SETTLING TRANSCRIPT—PRESUMPTIONS.—Where the transcript on appeal has been settled by the trial judge within the six months' period, it must be assumed either that the objections to its settlement were raised, as they should have been, in the trial court, and that settlement was the equivalent of relief from default, or that the respondent waived the default by failure to object in the court below.

---

(1) 3 C. J., p. 1243, n. 4.   (2) 3 C. J., p. 1060, n. 60, p. 1061, n. 63; 4 C. J., p. 469, n. 5.   (3) 4 C. J., p. 516, n. 16.   (4) 4 C. J., p. 795, n. 93.

3.  See 2 Cal. Jur. 669.

MOTION to dismiss appeal from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge. Denied.

The facts are stated in the opinion of the court.

Samuel V. Cornell for Appellants.

William N. Graybiel for Respondent.

WASTE, C. J.—Judgment was entered in this action for the plaintiff, and the defendants appealed. Respondent has made a motion to dismiss the appeal, or for an order affirming judgment, on the ground that the notice of appeal was not filed within ten days after notice of entry of the judgment; that the trial judge exceeded his powers in granting certain extensions of time to the defendants within which to prepare the transcript; that the transcript was not filed until after the last extension granted had expired. The further ground that the defendants had abandoned the appeal may be summarily dismissed from consideration as it lacks substantial support.

[1] Judgment was rendered, filed, and entered in the court below on September 13, 1926. No proceedings for a new trial were had, and the notice of appeal was served on September 28th and filed September 29th following. The notice of appeal was, therefore, filed within time. (Code Civ. Proc., sec. 939.)

[2] On the thirteenth day of September, the date on which the judgment was rendered, and after it had been filed with the clerk of the court, counsel for the plaintiff delivered to counsel for the defendants a copy of the judgment, which, however, did not have "attached thereto or indorsed thereon any statement or writing stating in any manner whatever that said judgment had been theretofore filed with the clerk of the court."

On September 29th following, the date on which the notice of appeal was filed, the defendants filed with the clerk of the court a notice stating that they intended to appeal from the judgment, and requesting that a transcript of the testimony offered or taken, the evidence offered or received, and all rulings, instructions, acts, or statements of the court, also all objections or exceptions of counsel, and

all matters to which the same relate, be made up and prepared. Such notice is required by section 953a of the Code of Civil Procedure to be filed within ten days after notice of entry of the judgment in cases in which no proceedings on motion for a new trial are pending. We are not satisfied, however, that the purported notice of entry of judgment given defendants, in the manner and form we have referred to, was a sufficient notice to start the time running within which it was incumbent upon the defendants to give the notice to the clerk to prepare the transcript. The notice was, therefore, filed within time.

Within twenty days after notice to prepare the transcript was filed with the clerk, and on a number of succeeding dates, the judge of the trial court gave to the reporter extensions of time within which to prepare and file the transcript. One extension, granting until December 20, 1926, was given one day after the previous extension had expired. No further extensions appear to have been given. The transcript was not certified by the reporter until the sixth day of January, 1927, on which date it was filed with the clerk of the court. Subsequently, plaintiff gave notice that it would, on January 24th, ask the court to refuse to certify to the truth and correctness of the transcript for the reason that it was not filed within time. The record is silent as to what transpired when the objections to the certification of the transcript were made, but the transcript was duly certified by the judge on February 14, 1927, less than six months after the rendition of the judgment. It does not appear that any formal application for relief was made by the appellants at the time of the certification of the transcript, but there have been brought here copies of the record of the proceedings had in the court below on a motion made "to dismiss the appeal" on the ground of the failure of the defendants to prosecute the appeal. Counsel for the appellants therein made an affidavit, from which it appears that the failure of the phonographic reporter to complete the transcript within the time required may have been, and probably was, the result of a misunderstanding on the part of the reporter as to the intention of the defendants to prosecute the appeal.

[3] In view of the fact that the delay of the appellants in having the transcript prepared was urged upon the trial

judge as a reason for denying the certification of the transcript, and the court, notwithstanding the delay and the objection, having certified the transcript, its certification under the circumstances here involved was an exercise of the power to relieve the appellants under section 473 of the Code of Civil Procedure. (*In re Barney,* 191 Cal. 18, 21 [214 Pac. 853]; *Stenzel* v. *Kronick, ante,* p. 26 [255 Pac. 199].) Informalities in the preparation of the typewritten record are cured by the due certification by the judge of the transcript which has been prepared. (*Bell* v. *Brigance,* 194 Cal. 445 [229 Pac. 27].) [4] Where the transcript has been settled by the trial judge within the six months' period, it must be assumed either that the objections to its settlement were raised, as they should have been, in the trial court, and that settlement was the equivalent of relief from default, or that the respondent waived the default by failure to object in the court below. The former seems to be the situation here, as evidenced by the action of the trial judge. (*Rubin* v. *Platt Music Co.,* 79 Cal. App. 756 [251 Pac. 243].)

The motion to dismiss the appeal or for affirmance of the judgment is denied.

Richards, J., Seawell, J., Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.