[Civ. No. 4783. Second Appellate District, Division Two.—November 15, 1927.]

HENRY G. WEYSE et al., Appellants, v. HARVEY BIEDEBACH, Respondent.

Charles Lantz, Winslow P. Hyatt, Frederick C. Huber and Samuel M. Garroway for Appellants.

Fred W. Heath for Respondent.

CRAIG, Acting P. J.—In 1920 appellants instituted an action to quiet title to certain lots numbered 1 to 29 in the Hay Tract addition to Nadeau Park, in Los Angeles County, and recovered judgment therein, from which the respondent in this proceeding appealed (and which appeal is num-

bered 4775). Notice of entry of judgment in that case was served and filed November 8, 1922, and on November 16, 1922, counsel for Biedebach obtained an order from Judge Frank R. Willis of the superior court granting him thirty days in addition to that allowed by law within which to prepare and serve his proposed bill of exceptions, "no additional time having heretofore been granted." Thereafter, and on November 29, 1922, upon stipulation of counsel, a second order extending the time thirty days further was granted by Judge Albert Lee Stephens, before whom the case had been tried, and on January 25, 1923, the last-named judge, upon stipulation therefor, extended such time "thirty (30) days from and after January 27, 1923, the date to which said time has heretofore been extended." The defendant's bill of exceptions was not served or filed within the time allowed by this latter order, and on March 2, 1923, his counsel presented before Judge Howard A. Peairs of said superior court a motion to be relieved from his default and for an order extending the time for preparation and service of his bill of exceptions, which motion was argued and submitted, and the same was granted defendant's time being once more extended "for a period of thirty (30) days from and after February 26, 1923. The time as extended expiring on March 28, 1923." No stipulation or order extending time was thereafter made on behalf of the defendant. To this last-mentioned order the plaintiffs objected upon the ground that the court had no jurisdiction to relieve the defendant from default, or to so extend his time. On March 28, 1923, the defendant's proposed bill of exceptions was served upon opposing counsel, and on May 17, 1923, it was stipulated that plaintiffs have thirty days from that date within which to prepare and serve their proposed amendments. It appears by affidavit of counsel for appellant herein that "on June 15th, 1923, time having been duly extended therefor, without prejudice and expressly reserving their objection to the settlement of said bill of exceptions as not having been served in time (plaintiff's), served upon said defendant's attorney said proposed amendments to said proposed bill of exceptions, reserving therein their objections thereto, as follows, to-wit," and specific reservations and exceptions to the order relieving defendant from default, and to the filing or set-

tlement of a bill of exceptions are enumerated, following which appear the defendant's proposed amendments.

On August 13, 1923, the proposed bill of exceptions and proposed amendments were presented to the judge who tried the case, and after argument, and over objection of the plaintiffs, the same was settled and it was ordered that the same be engrossed and presented for signature within the time provided by law. Counsel for the appealing party thereupon carried the bill and proposed amendments to his office for engrossing, but it appears that nothing further was done in the matter for about four months.

On November 21, 1923, the plaintiff's attorney served upon counsel for the defendant a notice in writing that on November 27, 1923, they would move the court for an order that "no proceedings by defendant Harvey Biedebach for the settlement of a bill of exceptions on the appeal of defendant, Harvey Biedebach, herein are now pending in this court"; that no proposed bill of exceptions had been served, presented, settled, or engrossed (with or without amendments) within the time permitted by the statutes, and that the defendant was not entitled to have presented, certified, or filed any bill of exceptions upon said appeal. On November 27, 1923, when this motion was presented, the defendant in turn moved the trial court "under section 473 of the Code of Civil Procedure," for an order relieving him from "any default in the matter of preparing and presenting proposed bill of exceptions with amendments as settled by the court, and for other relief, if any necessary, to relieve defendant or his attorney from any default or laches in that behalf." Each such motion was accompanied by affidavit of the party's counsel, that for the plaintiffs reciting the facts heretofore detailed, and averring that one hundred days had elapsed since the settlement of the bill, but that the same had not been engrossed, signed, certified, or filed. The affidavit of defendant's counsel alleged that he did not receive all of the plaintiffs' proposed amendments until on or before June 25, 1923, at which time the judge who tried the case was absent from the county; that it was impossible to present it for some time thereafter, but that on or about August 18, 1923, the same was settled, and that no time was indicated or fixed by the court when the bill of exceptions should be completed or presented for

signature, it was extremely voluminous, entailed much time and effort, and that "the said transcribed bill as settled is now (November 27, 1923) in the possession of the clerk of this court and a copy thereof has been prepared and is ready for service upon the plaintiff's counsel." Both of these latter motions were continued, and when finally argued and submitted were taken under advisement. On March 4, 1924, the trial court made and filed a written order in the following language:

"Defendant has presented his bill of exceptions for settlement, and *plaintiffs by motion object to its settlement on various grounds,* among them being *that the engrossed bill was not presented to me for signature within the time prescribed by law.* In this I sustain the plaintiffs' contention and hold defendant in default. As to all other portions of plaintiffs' motion, it is denied.

"Defendant seeks to be relieved from his default by appropriate motion, and this motion is granted.

"In considering the above, which includes a question of the legality of an order by Judge Peairs setting aside a previous default and granting further time, I have been in much doubt. I, however, conceive it to be my duty to resolve such doubt in such manner as will preserve the benefit of appeal, should the court of appeal sustain the legality of these orders."

On March 6, 1924, there was entered upon the minutes of the trial court an order reciting: "Bill of exceptions presented by defendant is fully settled and allowed and certified to be correct and is ordered filed as the engrossed bill of exceptions."

The plaintiffs thereupon appealed from the order of March 4, 1924, granting the defendant's motion to be relieved from default, and from that of March 6, 1924, last quoted, certifying and ordering filed the engrossed bill of exceptions.

We have related in detail the various steps taken by the respective parties since, while this appeal is taken only from the two orders last mentioned, it is contended by appellants herein that the trial court made them without jurisdiction, for the reason that from February 26, 1923, to March 6, 1924, each and every act of the court and of counsel in case numbered 4775 occurred after the expira-

tion of the right to perfect an appeal in that case, and was therefore invalid and could furnish no foundation or jurisdiction for the orders herein in controversy.

It appears without contradiction that counsel for respondent herein receipted for appellants' proposed amendments to the bill of exceptions on June 15, 1923; also that whereas appellants notified opposing counsel six days prior to the date of their motion that on November 27, 1923, they would move the court for an order declaring respondent in default, no affidavit or notice of motion for relief from default in the last instance, or offer of engrossed bill of exceptions, was forthcoming until the very day upon which appellants' motion was called for hearing, at which time the respondent represented for the first time that he had his bill of exceptions "ready for service upon the plaintiffs' counsel."

On February 26, 1923, respondent's time for serving and filing his proposed bill of exceptions expired, after which he was admittedly in default. It does not appear upon which grounds relief from default and extension of time were granted on March 2, 1923. Hence, since appropriate and sufficient grounds were stated, resolving as we must all intendments and presumptions in favor of the ruling of the trial court, such order appears to be proper and valid. However, it is claimed that the court had no power to make it. No appeal was taken from the order of March 2, 1923. Yet it is important to consider its validity because if it had the effect of relieving the default existing when it was rendered the order made on March 4, 1924, would not be vulnerable to the objection of having been made more than six months after the first default, which it might otherwise be construed as attempting to cure. On the other hand, if the first order was void, the default which it assumed to relieve was unaffected and may have been incurable at the time the second order—that of March 4, 1924—was made, more than six months having then elapsed since the default occurring through failure to file the bill of exceptions within the time allowed by law.

A computation of the various periods over which the time was extended to prepare and serve a bill of exceptions shows that the time given without consent of the respondent (appellant here) did not exceed thirty days

beyond that allowed by law. However, the order of March 2, 1923, was not made before the party seeking the extension was in default, and hence, for that reason, it was void for want of jurisdiction of the court to make it. (*Curtis* v. *Superior Court*, 70 Cal. 390 [11 Pac. 652]; *Connor* v. *Southern California Motor Road Co.*, 101 Cal. 429 [35 Pac. 990].) ■ Yet as in the case of *Kramm* v. *Stockton Electric R. Co.*, 22 Cal. App. 737 [136 Pac. 523], the attorneys for the respondent "not only accepted the bill but requested of and secured from the defendant a stipulation granting to them thirty days in which to prepare and serve their proposed amendments." This constitutes a waiver of any right which the respondent herein (appellant here) might have had to object on the ground that the bill was not served in time, and he is estopped from asserting a default against the other party on the ground that the order in question was void.

■ It is said that the court had no jurisdiction to make the order of March 4, 1924, granting the motion presented on November 22, 1923, since more than six months had then elapsed after the default from which said motion sought to secure relief. This, however, arises from an interpretation of section 473 of the Code of Civil Procedure which might have been worthy of serious consideration but for the fact that it is met with disapproval in a number of decisions of our supreme court. It is now settled beyond question that the limitation contained in the code section just mentioned to the effect that the relief thereby authorized may not be granted in any case where application for it is made at a time exceeding six months "after such judgment, order or proceeding is taken" permits the application to be made at the time the application for relief from default is presented to the court, even though this be more than six months after the default itself occurs. In other words, the period of six months named in section 473 does not begin to run until some proceeding or action is taken by the adverse party based upon the default or some order of the court is made as a result of such default. (*Stonesifer* v. *Kilburn*, 94 Cal. 33 [29 Pac. 332]; *Banta* v. *Siller*, 121 Cal. 414 [53 Pac. 935]; *Pollitz* v. *Wickersham*, 150 Cal. 238 [88 Pac. 911].) But six months did not elapse from ten days after the bill of exceptions

was settled and ordered engrossed until the order granting the relief from default from which order the appeal was taken was made. The period thus involved was only from August 23, 1923, until March 4, 1924.

█ It is next claimed that the order last mentioned constituted an abuse of discretion of the trial court. In support of this contention many cases are cited holding that ignorance of the law is not excusable under section 473 of the Code of Civil Procedure. While it is true that respondent's motion and affidavit in support of it show some apparent lack of information as to when the bill of exceptions was required by law to be engrossed, other grounds than this are contained within the affidavit upon which the superior court extended relief. These other facts in substance justify the conclusion that because of the numerous amendments allowed by the superior court to the proposed bill of exceptions and the volume and character of the same, and the large amount of work and time of counsel required in connection therewith, neglect to have the bill of exceptions engrossed within the time required by law was excusable. █ It is elementary that the action of the superior court in setting aside a default and granting relief therefrom is a matter largely within its discretion, and that its action in that behalf will not be disturbed unless a clear case of abuse of that discretion is divulged. Such a condition is not here disclosed.

█ It is next insisted that the notice of motion heard November 27, 1923, was fatally indefinite, in that it did not specify from what default on the part of the moving party relief was sought or upon which of the grounds enumerated in section 473 of the Code of Civil Procedure the motion was based. The affidavit in support of the motion contains a statement of facts which we think is sufficient to justify the trial court in concluding that there had been neglect upon the part of counsel for appellant herein, and that such neglect was excusable. The notice of motion states that it is based in part upon the affidavit served therewith. This is a sufficient reference so that the contents of the affidavit supply the information as to the grounds upon which relief was sought, and which was omitted from the notice itself. (*Reher* v. *Reed,* 166 Cal.

525 [Ann. Cas. 1917C, 737, 137 Pac. 263]; *Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353].)

There is no merit in the other specification of indefiniteness. The default from which relief was asked is "any default in the manner of preparing and presenting proposed bill of exceptions with amendments as settled by the court, and for other relief, if any necessary, to relieve defendant or his attorney from any default or laches in that behalf." Standing alone this is probably somewhat broad and uncertain, but taken in connection with other facts known to the respondent in that proceeding it cannot be said that he was not fully informed as to the default in question. In the first place it must be remembered that this notice of motion was served immediately after the notice of motion on the part of the respondent in that proceeding, pointing out that the appellant therein was then in default in the matter of the engrossment of the bill of exceptions; but in addition to this the affidavit of the attorney for the appealing party (respondent here) described in detail the default from which relief was sought by reciting the steps taken and the dates thereof.

The orders appealed from are affirmed.

Thompson, J., and Collier, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 15, 1927.