[Civ. No. 7693.   Second Appellate District, Division Two.—April 20, 1931.]

J. VINCENT HANNON et al., Respondents, v. SAMUEL GRANT GOUCHER, Appellant.

Charles W. Cradick for Appellant.

J. Vincent Hannon and William F. McLaughlin, *in pro. per.*, and T. G. Dalton for Respondents.

THOMPSON (IRA F.), J.—The respondents have made a motion in this case to strike the reporter's transcript from the files and affirm the judgment on the ground of unreasonable delay in the preparation of the transcript and on the further ground that the trial court abused its discretion in failing to terminate the proceedings for its settlement after a delay of more than six months, and for the reason that the appeal is frivolous. The facts are as follows: Judgment was rendered for plaintiffs on March 24, 1930. Notice of entry of judgment was served March 31, 1930. Notice of order denying defendant's motion for a new trial was served and filed April 21, 1930. On April 26th the defendant filed his notice of appeal and a notice to the clerk requiring the reporter to make up the transcript of all the testimony offered or received, advising the clerk therein that the defendant would arrange personally with the reporter for his compensation. The trial of the cause consumed only a couple of hours, but most of the testimony was documentary and appellant's counsel endeavored to have the reporter certify the testimony without the documentary evidence, which the reporter refused to do. He also asked the respondents to stipulate that the documents might be excluded, which they refused to do. Time went on and no arrangements were made with the reporter for his compensation and no transcript was prepared. Finally on November 17, 1930, the plaintiffs gave notice that on November 24th they would move the court below for an order dismissing and terminating the proceedings for the preparation of a transcript for the reason that the defendant had not arranged for the compensation of the reporter, and further because he had failed for an unreasonable length of time to require the preparation of or to prepare the transcript. The motion was supported by an affidavit of counsel setting forth the facts we have already narrated and was opposed by one from defendant's counsel in which he asked to be relieved of his default and set up that prior

to filing his request for the transcript he had received and paid for a "complete reporter's transcript of the trial", exclusive, however, of the documentary evidence; that it was the opinion of affiant that to include such evidence would entail useless expense; that an effort was made to secure a stipulation that it might be eliminated; that upon being advised that plaintiffs would not so stipulate he instructed two of his associates to inquire of the court if it was necessary to include the documents and believed after such conference with his associates that all the necessary steps had been taken; that his business has been such that for several years it has been essential to have the assistance of five other attorneys in his office; that within one year prior to the date of the affidavit he had lost the service of three of them, one by death, one by the severe illness of his wife and one by appointment to public office; that the loss of his assistants and the employment of new ones threw upon his own shoulders such heavy burdens that he was obliged to work from early morning until late at night every day; that by reason of the pressure of his professional duties he was unaware of his default in the diligent preparation of the transcript until the notice to terminate the proceedings was served upon him; that very shortly thereafter he paid the reporter the fees necessary to include the documentary evidence; and that the appeal was taken in good faith and with the opinion on his part that errors of law were committed in the trial of the cause. The court denied the motion to terminate the proceedings and thereafter, over similar objections on the part of the plaintiffs, settled the transcript.

There is no longer any doubt that under the circumstances here presented the trial court was not without jurisdiction to relieve the appellant of his default. Section 473 of the Code of Civil Procedure has received a construction that the limitation therein contained to the effect that the relief thereby authorized may not be granted except where application is made within six months "after such judgment or order or proceeding is taken" does not begin to run until some proceeding or action is taken by the adverse party based upon the default. (*Weyse* v. *Biedebach,* 86 Cal. App. 728 [261 Pac. 1096]; *Pollitz* v. *Wickersham,* 150 Cal. 238 [88 Pac. 911].)

■ Whether the court abused its discretion is the next question. We may assume that the judge of the lower court would have been justified in believing that the delay was inexcusable from the affidavits presented and all of the circumstances thereof, but we cannot say that he abused his discretion in holding that the delay was excusable. Granting that in the first instance appellant's counsel was inexcusably in error concerning the necessity or advisability of including the documentary evidence in the transcript, yet the delay at that time was not so great as to necessitate a termination of the proceedings. The subsequent facts set up by appellant's counsel are not beyond reason. Many times under the pressure of professional duties lawyers have been known to overlook an essential step in a legal proceeding, and while it is regrettable and we must deplore the nonexistence of a system which renders such mistakes less apt to occur, yet we cannot conclude that they are wholly inexcusable. Also we must remark that the affidavit of counsel in certain respects lacks the quality of certainty and definiteness, but we must observe that the lack in this regard was rather for the trial judge than for us—on the same principle that the weight of the evidence is for the trial judge or the jury. The observations indulged are upon the basis that lack of diligence in the preparation of the transcript is a matter for investigation and determination of the trial court. (*Mill Valley* v. *Massachusetts etc. Co.*, 189 Cal. 52 [207 Pac. 263]; *Rubin* v. *Platt Music Co.*, 79 Cal. App. 756 [251 Pac. 243].)

■ The opening brief of appellants is not on file, the time therefor having been extended by stipulation. A determination of whether the appeal is frivolous would involve an investigation of the transcript and a conclusion upon the merits of the case which would effect an unwarranted advancement of the case. Upon the authority of *Jenks* v. *Lurie*, 195 Cal. 582 [234 Pac. 370], and *Weaver* v. *Fickett*, 196 Cal. 401 [238 Pac. 87], the motion on this ground should be denied.

Motion denied.

Works, P. J., and Craig, J., concurred.