[Civ. No. 7396. Second Appellate District, Division One.—November 17, 1931.]

HOLLYWOOD CLEANING & PRESSING COMPANY (a Corporation), Respondent, v. HOLLYWOOD LAUNDRY SERVICE, INCORPORATED, Appellant.

Walter H. Hewicker for Appellant.

Meserve, Mumper, Hughes & Robertson for Respondent.

CONREY, P. J.— Respondent moves to affirm the judgment upon the ground that appellant's brief does not comply with the provisions of section 953c of the Code of Civil Procedure, and does not comply with the requirements of rule VIII governing such appeals, and upon the further ground that the appeal is not meritorious, was not taken in good faith and has not been prosecuted with reasonable diligence.

We are satisfied that the appeal is meritorious in the sense that it presents questions which merit consideration, and that the appeal has been taken in good faith and has been prosecuted with reasonable diligence.

The principal basis of the motion is that in filing its brief appellant has not printed in the brief, or in any supplement appended thereto, a sufficient portion of the record to properly present to the court the merits of the appeal in relation to the points upon which appellant relies. The gist of the argument, on the part of the moving party, is that the points on appeal are substantially confined to questions relating to the sufficiency of the evidence to sustain the findings; that, although there are many hundreds of pages of evidence relating to those questions, appellant in his brief has quoted from less than ten pages. It is quite conceivable, however, that much less than ten pages of admissions in the testimony of an opposing party might be sufficient to nullify a thousand pages of testimony given by other witnesses. In response to the motion, counsel for appellant assures the court that appellant has, in its opening brief and in its supplement, quoted and referred to all of the testimony material to the points raised on appellant's appeal, including those points wherein he relies upon insufficiency of the evidence to sustain the findings. He further asserts that the testimony of all of the witnesses, referred to in the affidavit of plaintiff, is on points not relied upon by appellant on this appeal.

We have made sufficient examination of the briefs to ascertain that the determination of this motion to affirm the judgment would necessitate an investigation and consideration of the merits of the appeal. It is not a case

where the lack of merit in the appeal is so plainly apparent from a mere inspection of the record that the court should not be required to go further. Before granting the motion we would have to consider and decide debatable questions going to the merits of the action. (*Jenks* v. *Lurie*, 195 Cal. 582 [234 Pac. 370].) We observe that the main points now presented by respondent on this motion are contained in the opening pages of its brief. When the case has been submitted upon the merits, and when, under such submission, the court enters into a consideration of the record it is possible that we might find such deficiencies in the presentation of the appeal as would have justified the granting of this motion. On the other hand the contrary result might occur.

The motion to affirm judgment is denied, without prejudice to renewal thereof in connection with the presentation of the appeal on its merits.

Houser, J., and York, J., concurred.