[Civ. No. 8431. First Appellate District, Division One.—June 10, 1932.]

ALICE WEAVER et al., Appellants, v. SHELL OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Vincent W. Hallinan, James H. Gillard, C. K. Bonestell and James J. Roach for Appellants.

Redman, Alexander & Bacon and Herbert Chamberlin for Respondents.

KNIGHT, Acting P. J.—Judgment for damages based on verdict by a jury was entered in favor of the plaintiffs in the above-entitled cause, and the court granted a new trial. Plaintiffs appealed, and defendants now move to affirm the order granting the new trial or to dismiss the appeal upon the ground that there is no record upon which the appeal may be legally heard and determined. A typewritten transcript purporting to have been settled, approved and certified by the trial judge in conformity with the provisions of section 953a of the Code of Civil Procedure was filed in the reviewing court approximately two months prior to the service of notice of the present motion, but defendants contend that the trial judge was without jurisdiction to approve or certify the same and that therefore said transcript is unavailing for any purpose on the appeal.

Said section 953a under the authority of which plaintiffs elected to present the appeal, declares that the request to prepare the transcript must be filed with the clerk of the trial court within ten days after service of notice of entry of the order from which the appeal is taken. In the present case such notice was served on June 3, 1930, but the request was not filed until August 12, 1930, more than two months after the service of the notice; and the transcript was not certified until February 23, 1932, about eighteen months after the request was filed. Defendants contend, therefore, that on account of plaintiffs having defaulted in failing to file timely request to prepare the transcript "the trial judge was without jurisdiction to certify the transcript after the expiration of six months from the time of said default".

This contention is based upon the assumption, however, that the six months' period fixed by section 473 of the Code of Civil Procedure within which the trial judge retained jurisdiction to relieve plaintiffs from their default began to run from the date on which plaintiffs should have filed the request for the transcript; and such is not the law, for it is well established that in proceedings of this kind the time does not begin to run until some proceeding or action is taken by the adverse party based upon the default, or some order of the court is made as a result thereof (*Weyse* v. *Biedebach,* 86 Cal. App. 728 [261 Pac. 1096]; *Hannon* v. *Goucher,* 113 Cal. App. 539 [198 Pac. 528]; *Pollitz* v. *Wickersham,* 150 Cal. 238 [88 Pac. 911]; *Stone-*

*sifer* v. *Kilburn,* 94 Cal. 33 [29 Pac. 332]; *Banta* v. *Siller,* 121 Cal. 414 [53 Pac. 935]); and in the present case no such action was ever taken by defendants or the court. ■ No application was ever made by defendants to the trial court to terminate the proceedings for the preparation of the transcript, nor did they make any objection at any time to the settlement, approval, or certification thereof. On the contrary, as the record discloses, on November 2, 1931, which was more than fifteen months after the date on which plaintiffs should have filed the request, and more than ten months subsequent to the date on which defendants claim the trial judge lost jurisdiction of the matter, defendants actively participated in the preparation and settlement of the transcript by filing in the trial court a request for insertion in the transcript of numerous papers, files, documents, records and proceedings, among them being all proceedings in connection with the impanelment of the jury; all proceedings taken in connection with the motion for a new trial, including defendants' notice of motion therefor and the affidavit of defendants' attorney used thereon; all instructions given, and notations showing at whose request the respective instructions were given; the instructions requested by defendants and refused by the court; the affidavit of plaintiffs' attorney; and all omitted proceedings in connection with the trial. And on November 4, 1931, the trial court made its order that defendants' request be granted. It thus clearly appears that even up to the time the transcript was presented to the trial judge for approval and certification, nothing was ever done to set in operation the running of the six months' period fixed by section 473; and that being so, under the rule of the cases above cited, he retained full jurisdiction at all times to settle, approve and certify the same.

In support of their position defendants rely mainly upon *In re Barney,* 191 Cal. 18 [214 Pac. 853], but an examination of the decision therein discloses that the determinative question here involved, namely, as to when the six months' period fixed by said section 473 of the Code of Civil Procedure begins to run, was not raised or considered. At least the decision makes no mention thereof nor does it refer to any of the earlier cases upon the subject; and all the later cases hold definitely and without qualification, in con-

formity with the earlier ones, that the time "does not begin to run until some proceeding or action is taken by the adverse party based on the default". (See *Hannon* v. *Goucher, supra.*) For the reasons stated the decision in the Barney case is not controlling here.

█ It is equally well settled that failure to file the request for the preparation of the transcript within the statutory time is not jurisdictional to the appeal, nor does it constitute ground for dismissal thereof (*Lynch* v. *Coe*, 203 Cal. 422 [264 Pac. 747]; *Rubin* v. *Platt Music Co.*, 79 Cal. App. 756 [251 Pac. 243]; *Tasker* v. *Warmer*, 202 Cal. 445 [261 Pac. 474]), and that no formal application for relief from such default is necessary, the act of certification of the record by the trial judge being in effect the equivalent of relief from default under section 473 of the Code of Civil Procedure. (*Keys* v. *Mother Lode Extension Mines*, 212 Cal. 612 [299 Pac. 524].) █ It follows that since the transcript certified in due form by the trial judge was on file herein at the time the present motion was noticed and heard, it is available as the record on appeal even though the request for the preparation thereof was defective, and even though no formal application was made by plaintiffs to be relieved of their default prior to the certification thereof.

The motion is denied.

Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 9, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 8, 1932.

Waste, C. J., dissented.