594

[S. F. Nos. 15061, 15308.   In Bank.—November 18, 1935.]

THE SUPREME GRAND LODGE OF THE ANCIENT AND MYSTICAL ORDER ROSAE CRUCIS (a Corporation), Respondent, v. GEORGE L. SMITH et al., Appellants.

Ivan G. McDaniel for Appellants.

Bohnett, Hill & Cottrell for Respondent.

THE COURT.—Motion to dismiss appeal.

In this action for damages and injunction, judgment was entered for the plaintiff on July 19, 1933.   On September 18, 1933, the defendant, within the time permitted by law, filed a notice of appeal to this court.   Thereafter and on December 7, 1933, the plaintiff-respondent moved to dismiss the appeal. The clerk's certificate filed in support of the motion indicates

that at that time no proceedings had been instituted for the preparation of a transcript or of a bill of exceptions. The motion to dismiss undoubtedly aroused appellant to action, for on December 30, 1933, he filed a proposed bill of exceptions in the court below. Subsequently, and in response to a motion to that effect, the court below relieved appellant of his default in the preparation of the record to be used on appeal and on January 8, 1934, ordered the bill of exceptions certified and settled. Delay in procuring certain exhibits to be included therein apparently retarded the completion and settlement of the bill of exceptions. However, on August 7, 1934, the same was settled and allowed.

The trial court's order settling and allowing the bill of exceptions, notwithstanding the appellant's delay in preparing the same, is a complete answer to the present motion to dismiss, grounded, as it is, upon the failure of appellant to timely institute any proceedings for a record to be used on the appeal. That the trial court may relieve an appellant from default in the preparation of such record is now well settled. (*Tobin Grocery Co.* v. *Spry*, 201 Cal. 152 [255 Pac. 791].)

It is immaterial that the appellant did not file in this court the bill of exceptions so settled and allowed within the time prescribed therefor in rule V, or within the period stipulated to by the parties. Said rule provides, in part, that if the record on appeal "though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion". The present motion, as already indicated, is not addressed to the failure to file the bill of exceptions within the required time after settlement. In fact, no motion addressed to this point ever has been noticed. Since the bill of exceptions is now on file, it is obviously too late to urge the point. (Rule V.)

Pursuant to stipulation of the parties, the appellant has thirty days from and after the determination of this motion within which to file his opening brief.

The motion to dismiss is denied.