[S. F. No. 975. Department Two.—June 13, 1899.]

C. C. WHEELER, Respondent, v. MARY ELLEN KARNES et al., Appellants.

NEW TRIAL—DELAY IN SERVICE OF STATEMENT—ABSENCE OF EXCUSE—REVIEW UPON APPEAL.—If a settled statement on motion for a new trial shows that the settlement thereof and the hearing of the motion were objected to on the ground that the proposed statement was not served within the time allowed by law, and that it was not served within ten days after service of the notice, it devolved upon the moving party to incorporate into the statement any matter excusing the delay; and if it does not appear therefrom that any extension of time was granted by stipulation or order, or that there was any excuse for the delay, the settled statement cannot be considered upon appeal; and it must be presumed that the findings were supported by the evidence, and that the rulings on the trial were correct.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. Stanton L. Carter, Judge.

The facts are stated in the opinion.

W. P. Thompson, and G. G. Goucher, for Appellants.

Horace Hawes, and H. H. Welsh, for Respondent.

COOPER, C.—Action to recover judgment on a promissory note and for the foreclosure of a mortgage given to secure the same. Findings were filed and judgment ordered for plaintiff.

The judgment was entered November 19, 1896. Defendants made a motion for a new trial, which motion was denied, and this appeal is from the judgment and order. There is no attack made by defendants upon the judgment and no claim made that the judgment is not the legal conclusion from the facts found. It is sought to review an order denying a motion for nonsuit, certain findings as not being supported by the evidence, and certain alleged errors of law occurring at the trial, on appeal from the order denying a motion for a new trial. These alleged errors can only be reviewed upon a properly authenticated statement or bill of exceptions. The motion was made upon a statement of the case settled by the judge of the court below. We are met at the threshold with the objection that the statement cannot now be considered on this appeal for the reason that it was not served upon plaintiff's counsel within the time prescibed by statute, and we think the objection will have to be sustained. The notice of intention to move for a new trial was served and filed November 28, 1896. The statute says (Code Civ. Proc., sec. 659): "If the motion is to be made upon a statement of the case, the moving party must, within ten days after service of the notice, or such further time as the court in which the action is pending or the judge thereof may allow, prepare a draft of the statement, and serve the same, or a copy thereof, upon the adverse party." The proposed statement was served January 6, 1897. It does not appear that the time for the service of the statement had been extended either by stipulation, or order of the court, nor that any amendments were proposed by plaintiff to said proposed statement. On the eighteenth day of March, 1897, the statement was settled, the plaintiff objecting to the settlement of the same on the ground that it was not proposed or presented to plaintiff within the time allowed by law. The learned judge of the court below thought that he did not have the power or authority to sustain the objection, and settled the statement subject to the objection so that this court might pass upon the (validity of the objection. Plaintiff saved an exception to the action of the court in settling the statement, and it was accordingly settled subject to said exception. The same objection to the statement was made upon the hearing of the motion for a new trial, and the same ruling, and plaintiff ex-

cepted. In *Higgins v. Mahoney*, 50 Cal. 445, the bill of exceptions was presented after the time had expired, and respondent objected to its settlement on the ground that it was presented too late. The judge of the court below settled the bill, but incorporated the objection and exception in the statement. This court held that it had no power to consider the bill of exceptions and in the opinion said: "The right of the appellant to present a bill of exceptions, after the entry of judgment, is limited in point of time to the period of thirty days. After the expiration of that period, unless further time had been in the meantime obtained, the right to present the bill of exceptions is taken away. If, therefore, the respondents, objecting to the settlement of the bill of exceptions, rely upon the lapse of the period limited by the statute, it becomes the duty of the appellant, in answer to the objection, to incorporate into the bill the matter, if any, going to excuse his apparent delay; otherwise the exceptions, though settled, cannot be considered here." In this case the objection being made, and there being nothing in the bill or record accounting for or excusing the delay, we must follow the rule laid down in *Higgins v. Mahoney, supra.* The rule has been adopted and applied in the following cases: *Wills v. Rhen Kong,* 70 Cal. 548; *Bunnell v. Stockton,* 83 Cal. 319; *Connor v. Southern California, etc.,* 101 Cal. 429; *Tregambo v. Comanche etc. Co.,* 57 Cal. 503; *Henry v. Merguire,* 106 Cal. 144.

As we cannot examine the statement, it is presumed that the findings are supported by the evidence and that the rulings on the trial were correct.

We advise that the judgment and order be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.