[Civ. No. 2795.   First Appellate District, Division Two.—June 18, 1919.]

## MARIA ROSSI et al., Respondents, v. SCOTT, MAGNER & MILLER (a Corporation), Appellant.

[1] APPEAL—BILL OF EXCEPTIONS—DELAY IN PREPARATION AND SERVICE—CONSIDERATION UPON APPEAL.—Where the date upon which a bill of exceptions was settled was beyond the time allowed by law, and the appellant has failed to incorporate in the bill any matter which might excuse such delay, the appellate court is compelled to hold that the bill of exceptions, although settled by the trial court, cannot be considered upon appeal.

[2] ID.—DENIAL OF MOTION TO DISMISS APPEAL—RIGHT OF APPELLATE COURT TO CONSIDER BILL OF EXCEPTIONS.—An order of the supreme court denying respondent's motion for dismissal of an appeal on the ground that the transcript on appeal was not filed within the time prescribed by rule II of the supreme court cannot be considered as determinative of the right of the appellate court to consider the bill of exceptions upon final hearing of the appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Bernard J. Flood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

A. A. Sanderson and Sterling Carr for Appellant.

James A. Bacigalupi, Sylvester Andriano, F. M. Andreani, and Harry G. McKannay for Respondents.

HAVEN, J.—Defendant appeals from a judgment entered against it upon verdict of a jury in an action for damages for personal injuries, basing its appeal upon the judgment-roll and a bill of exceptions.  Respondents make the preliminary objection that the bill of exceptions cannot be considered upon the appeal for the reason that it was not prepared and settled within the time prescribed by law.  The record, as it appears from the recitals in the bill of exceptions, is as follows: A motion for a new trial was made by the appellant, which was denied.  Written notice of the denial of said motion was served upon appel-

lant's attorneys on January 30, 1918. The proposed bill
of exceptions was served upon respondents' attorneys on
April 4, 1918. At the time of such service respondents'
attorneys reserved their objection thereto upon the ground
that said bill had not been prepared or served within the
time allowed by law, or any extension thereof. There-
after, and within the time allowed by law, respondents pre-
pared and served upon appellant's attorneys their proposed
amendments to said bill of exceptions, and in submitting
such amendments again objected and excepted to the set-
tlement of the bill, and reserved all rights to object to the
settlement thereof, upon the same ground as above stated.
The objection thus reserved was urged by respondents upon
the judge of the trial court when the bill was presented to
him for settlement; but such objection was overruled and
disallowed, and said bill was settled and allowed on August
6, 1918.

Under section 650 of the Code of Civil Procedure, the
time for the preparation and service of the proposed bill of
exceptions expired in ten days after the service of respond-
ents' notice of the denial of the motion for a new trial,
or on February 9, 1918. Such time could not be extended
by the court for more than thirty days without the consent
of the adverse party. (Code Civ. Proc., sec. 1054.) The
actual service of the bill was on April 4, 1918, or nearly
one month beyond the date to which the court could law-
fully grant an extension of the time therefor. The record
discloses no evidence of any extension of time by stipula-
tion.

In *Higgins* v. *Mahoney,* 50 Cal. 444, 445, it is said: "The
right of the appellant to present a bill of exceptions after
the entry of judgment is limited in point of time to the
period of thirty days. After the expiration of that period,
unless further time had been in the meantime obtained,
the right to present the bill of exceptions for settlement
is taken away. If, therefore, the respondents, objecting to
the settlement of the bill of exceptions, rely upon the lapse
of the period limited by the statute, it becomes the duty of
the appellant, in answer to the objection, to incorporate
into the bill the matter, if any, going to excuse his apparent
delay; otherwise the exceptions, though settled, cannot be
considered here." The above rule has been followed in

many subsequent cases, of which the following are illustrative: *Connor* v. *Southern California Motor Road Co.*, 101 Cal. 429, 431, [35 Pac. 990]; *Wheeler* v. *Karnes,* 125 Cal. 51, 53, [57 Pac. 893]; *Cameron* v. *Arcata etc. R. R. Co.*, 129 Cal. 279, 280, [61 Pac. 955]; *Estate of Kruger,* 130 Cal. 621, 625, [63 Pac. 31].

In this case respondents complied with rule XV of the supreme court (177 Cal. lii, [176 Pac. x]), by serving upon the attorneys for appellant an exception to the record on appeal and an objection to the consideration of the bill of exceptions upon the ground that the same was not prepared or served within the time allowed by law. No additional showing has been made by the appellant in response to such notice.

[1] It appears, therefore, upon the face of the bill of exceptions, that timely objection was reserved by the respondents to the failure of appellant to prepare and serve its bill within proper time, and that such objection has been consistently urged by the respondents, both before the judge of the lower court and upon appeal. As the date upon which the bill was settled was beyond the time allowed by law, and appellant has failed to incorporate in the bill any matter which might excuse such delay, we are compelled to hold that the bill of exceptions, although settled by the trial court, cannot be considered upon this appeal.

[2] Appellant contends that the supreme court has decided otherwise in denying respondents' motion for dismissal of this appeal. That motion was made upon the ground that the transcript on appeal was not filed within the time prescribed by rule II of the supreme court (176 Pac. vi). The court denied the motion, for the reason that it appeared that the transcript on appeal was filed within forty days after the actual settlement of the bill of exceptions, and declined to pass upon the question of whether or not the bill of exceptions was properly settled. This ruling cannot be considered as determinative of the right of the appellate court to consider the bill of exceptions upon final hearing of the appeal. The denial of such a motion is not a determination of the merits of the appeal, nor of the sufficiency of all parts of the record. (*Fish* v. *Benson,*

71 Cal. 428, 430, [12 Pac. 454]; *Estate of Scott,* 124 Cal.
671, 673, [57 Pac. 654].)

This elimination of the bill of exceptions leaves the ap-
peal dependent upon the judgment-roll alone, from which
no error appears.   The conclusion which the law compels in
this case is arrived at the more willingly for the reason
that an examination of the briefs of the respective parties
convinces us that no different result would have been
reached had we been permitted under the law to consider
the bill of exceptions.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on August 14, 1919.

All the Justices concurred, except Wilbur, J., who was
absent.