[L. A. No. 9214. In Bank.—April 7, 1927.]

## A. E. STENZEL, Respondent, v. HARRY B. KRONICK, Appellant.

[1] APPEAL—MOTION FOR JUDGMENT ON APPEAL—DELAY IN NOTICE TO PREPARE RECORD — RELIEF FROM DEFAULT — DISCRETION. — Upon a motion in the supreme court to affirm a judgment upon the ground that there is no sufficient record before the court upon which to predicate error, where the bill of exceptions discloses that the plaintiff appeared in the trial court and objected to the certification of the transcript on appeal upon the ground that the defendant's notice to the clerk to prepare the same had not been given within ten days after notice of entry of judgment, and it affirmatively appears that the trial judge "exercised his discretion in favor of certifying said transcript" and thereupon made an order that the same be settled, allowed, and certified as and for the bill of exceptions in said cause, the motion for affirmance of judgment will be denied, notwithstanding it does not appear from the record that the defendant in response to the objection to certifying the transcript made a formal motion for relief from his default under the provisions of section 473 of the Code of Civil Procedure.

[2] ID.—BRIEFS—SUFFICIENCY OF RECORD.—Where the appellant has appended to his opening brief a supplement of more than one hundred pages, largely devoted to excerpts from the evidence in the case, he has shown a sufficient compliance with the requirements of the code in that particular to justify a denial of a motion to affirm the judgment **on** the ground that the record was incomplete in this regard.

(1) 4 C. J., p. 516, n. 10 New. (2) 3 C. J., p. 1409, n. 27 New.

MOTION to affirm a judgment on appeal from a judgment of the Superior Court of Los Angeles County. L. T. Price, Judge. Motion denied.

The facts are stated in the opinion of the court.

Rose & McTavish for Appellant.

John C. Packard for Respondent.

RICHARDS, J.—The plaintiff and respondent herein has moved this court to affirm the judgment in his favor, from which this appeal has been taken, upon two grounds: (a) That no sufficient record is before the supreme court upon which said court can predicate error; (b) that no sufficient record on appeal in this case has been printed in appellant's brief.

[1] The facts upon which the respondent predicates his motion are these: The judgment herein in plaintiff's favor was made and entered on December 19, 1923. Notice of entry of said judgment was served upon attorneys for the defendant on December 29, 1923. The defendant's notice and demand for the preparation of the transcript was filed with the clerk of the trial court on January 16, 1924, sixteen days from and after the time of the receipt of the notice of entry of judgment. The transcript on appeal was presented to the trial court for certification under the provisions of section 953a of the Code of Civil Procedure on February 23, 1924. The bill of exceptions discloses that the plaintiff appeared in the trial court and objected to the certification of the transcript upon the ground that the defendant's notice to the clerk to prepare the same had not been given within ten days after notice of entry of judgment. While it does not appear that the defendant in response to said objections made a formal motion for relief from his default under the provisions of section 473 of the Code of Civil Procedure, it does affirmatively appear therein that the trial judge "exercised his discretion in favor of certifying said transcript" and thereupon made an order that the same be settled, allowed, and certified as and for the bill of exceptions in said cause.

The respondent in support of the first ground urged upon his motion chiefly relies upon the decision of this court in the case of *Des Granges* v. *Des Granges,* 175 Cal. 71 [165 Pac 13]. The appellant in resisting the motion cites and chiefly relies upon the case of *In re Barney,* also decided by this court and reported in 191 Cal. 18 [214 Pac. 853]. In the case of *Des Granges* v. *Des Granges, supra,* this court held that the action of the trial court in certifying to the record in that case was erroneous; but in so holding the court expressly stated that "it does not appear that the plaintiff at the

hearing or at any other time asked for any relief under
section 473 of the Code of Civil Procedure, or attempted to
offer any explanation to excuse her failure to comply with
the provisions of section 953a. There was presented in fact
no opportunity for the exercise of any discretion by the
court.'' · In the case of *In re Barney, supra,* on the other
hand, it appeared that while the defendant made no formal
application for relief under section 473 of the Code of Civil
Procedure, she appeared at the time of the certification
thereof and stated certain reasons going to excuse her de-
fault, and that thereupon the trial court exercised its dis-
cretion and by certifying to the transcript, in effect, re-
lieved the appellant from her said default. In the case of
*Rubin* v. *Platt Music Co.,* 79 Cal. App. 756 [251 Pac.
243], that court in commenting upon an identical situation
held that when objections to the certification of the tran-
script were presented in the trial court and the transcript
was thereafter settled and certified to by it, such settlement
and certification was the equivalent of relief from the de-
fault. We are of the opinion that these two later cases
have more immediate application to the instant proceeding
than has our former decision in the case of *Des Granges* v.
*Des Granges, supra.* Herein the trial court has expressly
stated that it exercised its discretion in the settlement and
certification of the transcript after the respondent's objec-
tion thereto had been urged. The only subject upon which
the trial court under such circumstances would be called
upon to exercise its discretion would be that of relieving
the defendant from his said default, and while it does not
affirmatively appear herein that the defendant formally ap-
plied for such relief, or even that he presented adequate
excuses, nevertheless we are of the opinion that it suffi-
ciently appears that he was granted relief from his default
under the power of the court so to do, given in section
473 of the Code of Civil Procedure. Respondent's motion
upon his first ground urged should therefore be denied.

[2] As to the second ground urged for the granting of
said motion, an inspection of the record discloses that the ap-
pellant herein has appended to his opening brief a supple-
ment of more than one hundred pages, largely devoted to ex-
cerpts from the evidence in the case. In so doing we think

he has shown a sufficient compliance with the requirements of the code in that particular to justify a denial of the respondent's motion also upon this ground.

The motion to affirm the judgment upon both grounds is therefore denied.

Shenk, J., Seawell, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.