[L. A. No. 9581. In Bank.—February 24, 1928.]

THOMAS R. LYNCH et al., Respondents, v. CLARENCE E. COE et al., Defendants and Respondents; ERNEST E. GAGNON, Cross-Complainant and Appellant.

Leonard S. Barnes for Appellant.

H. L. Carnahan, J. M. Stevens, Frank P. Jenal, Gibson, Dunn & Crutcher and Philip C. Sterry for Respondents.

THE COURT.—The respondent Lynch presents herein a motion for diminution of record and seeks thereby to have stricken from the files of this court the transcript of the

testimony taken before the lower court. This attempt to have the reporter's transcript stricken is based upon the assertion that the appellant's notice to the clerk to prepare a record neglected and failed to request that a transcript of the testimony be made up. The appellant seeks to explain the omission or defect by stating that he had contemplated making an independent arrangement with the reporter in connection with the preparation of a transcript of the proceedings in the trial court. Appellant's notice to the clerk, which was timely filed, reads in part as follows: " . . . said defendant hereby requests that the judgment roll be made up and prepared and contain any and all matters of record herein, together with all exhibits and documentary evidence introduced and on file, and any and all matters and facts pertaining to said action except the transcript of testimony." The most cursory examination readily discloses that said notice and request is, to say the least, inartificially drawn. In fact, it may be stated to be wholly defective in so far as the preparation thereunder of a transcript of the testimony might be concerned. However, the defect is not fatal, nor such as would preclude an appellate court from considering upon an appeal from the judgment a properly certified transcript of the proceedings in the court below. In this connection the case of *Carr* v. *Stern*, 17 Cal. App. 397, 402 [120 Pac. 35], may be said to be in point. ▮ It is there declared: "As to the omission to embrace in the notice a request that a transcript of the testimony offered or taken and evidence offered or received be made up and prepared, the reply is that such record was made up, was approved by the judge, and as so prepared and approved is now before us." It has consistently been held that defects appearing in a request for a transcript are not jurisdictional to an appeal. (*Tasker* v. *Warmer*, 202 Cal. 445 [261 Pac. 474].) ▮ Moreover, technical objections are not favored and this court, whenever possible, seeks to review the decision of the lower court upon all the facts which that tribunal had before it when it made such decision. (*McMahon* v. *Hamilton*, 202 Cal. 319 [260 Pac. 793].)

The authorities cited by respondent in support of the motion are not in point. In *Des Granges* v. *Des Granges*, 175 Cal. 67 [165 Pac. 13], and the other cases relied upon, the appellant had failed to file any request for a transcript

within the time prescribed by section 953a of the Code of Civil Procedure, and it was held that in the absence of a timely filing of request for a transcript, or of relief from default, a transcript thereafter filed did not merit consideration. The later cases, however, have modified this rule and declare that the act of certification by the trial judge is, in effect, the equivalent of relief from default under section 473 of the Code of Civil Procedure. Upon this point see *Stenzel* v. *Kronich*, 201 Cal. 26 [255 Pac. 199].

From what has been said we conclude that the reporter's transcript properly certified and filed herein is available to the appellant upon the appeal from the judgment even though his request for a record is, as already indicated, defective.

The motion is, therefore, denied.