[Civ. No. 4888. Second Appellate District, Division Two.—April 10, 1928.]

EMMA A. CALLAWAY et al., Appellants, v. N. A. WOLCOTT, Respondent.

J. M. Fursee and Dan V. Nolan for Appellants.

Stutsman & Stutsman for Respondent.

HAZLETT, J., *pro tem.*—Plaintiffs appeal in this action pursuant to the alternative method provided for in sections 953a, 953b, and 953c, of the Code of Civil Procedure, from an order of the trial court relieving defendant (respondent) N. A. Wolcott, under the provisions of section 473 of the Code of Civil Procedure, from his failure to file with the clerk his notice pursuant to the provisions of section 953a, within the time therein limited, to require the preparation for certification of a transcript of the record in the prior appeal which he made from the judgment entered against him in the action.

██ However, the appellants in this appeal did not print in their briefs or in a supplement thereto any part of the record except a portion of an affidavit made by defendant Wolcott in support of his application for the relief, which printed portion in itself is insufficient to show error on the part of the trial court in granting the relief. Respondent Wolcott's brief does not aid appellants in their appeal, for he printed no portion of the record. Therefore, the record properly before us fails to show error on the part of the trial court in permitting the notice to be filed with the clerk requiring the preparation of the transcript after the time limited by section 953a.

The supreme court definitely announced in a very recent decision in a case where the appeal was made pursuant to the alternative method and the appellant failed to print in his brief on appeal or in a supplement thereto any part of the record sufficient to justify a reversal, that "It devolves

upon the appellant to affirmatively show the existence of error upon which he asks for a review. . . . We are unable to say, therefore, that error was committed by the trial court . . . All presumptions indulged in are in favor of the regularity of the judgment and proceedings upon which it is based, hence it devolves upon an appellant to affirmatively show the existence of the error upon which he asks for a reversal. . . . It has been reiterated approximately one hundred times in the decisions of this court and of the District Courts of Appeal that it is incumbent upon an appellant who relies upon a typewritten transcript to print in his brief or in a printed supplement thereto sufficient of the record to justify a reversal of the judgment or order appealed from.'' (*Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290], and cases therein cited.)

In this appeal we would be justified in affirming the order appealed from without going further, but in order to determine whether the adherence by this court to the strict rule of procedure would work any hardship upon appellants or deprive them of any substantial rights, we have examined the typewritten transcript of the record and it appears therefrom that the attorney who represented defendant Wolcott at the trial and who filed a notice of motion for a new trial on his behalf, died shortly after he filed the notice of motion; that defendant Wolcott was informed that there had been filed with the clerk on his behalf in connection with his appeal from the judgment, a notice under the provisions of section 953a requiring the preparation and presentation for certification of a transcript of the record; that the motion for a new trial was denied, and defendant Wolcott was not informed until after the motion was denied that the notice to the clerk had not been filed, whereupon he requested the attorney he employed to succeed the deceased attorney, to file such notice. This succeeding counsel was given a typewritten transcript of the reporter's notes taken at the trial, by one of the former attorneys of defendant Wolcott, and was informed that the necessary notice had been filed, and did not discover the failure to file it until a few days before defendant Wolcott applied to the court for relief from the failure to file the notice, which application was made about two months after notice of the order denying the motion for a new trial was given.

Plaintiffs did not show that the delay of less than two months to file the notice caused them any loss or injury.

Appellants contend that the provisions of section 473 do not apply to a motion for such relief; that as the notice under section 953a was not filed within the time therein provided, the trial court lost the power to grant the relief sought; and, that the record fails to show circumstances that would constitute excusable neglect or inadvertence on the part of defendant's attorneys.

None of these contentions have merit.

█ As to the first and second contentions, our courts have definitely held that trial courts have the right, under the provisions of section 473, to relieve a party from his excusable failure to file the notice provided for in section 953a, within the time therein limited. (*Stenzel* v. *Kronick*, 201 Cal. 26 [255 Pac. 199]; *Vicino* v. *Amador*, 71 Cal. App. 604 [236 Pac. 369]; *Revert* v. *Hesse*, 184 Cal. 295 [193 Pac. 943]; *Kammerer* v. *Marino*, 66 Cal. App. 720 [226 Pac. 980].)

█ The answer to the last contention is likewise simple. Under the provisions of section 473 the trial court may relieve a party from the legal effect of the mistakes and oversights of his attorney. (*Broderick* v. *Cochran*, 18 Cal. App. 202 [122 Pac. 972]; *Mitchell* v. *California S. S. Co.*, 156 Cal. 576 [105 Pac. 590], and the cases above cited.) █ An application for relief under section 473 "is addressed to the sound discretion of the trial court and (the order of the court) will not be set aside on appeal unless an abuse of discretion clearly appears. █ Any doubt that may exist should be resolved in favor of the application to the end of securing a trial upon the merits (citing cases). . . . █ All presumptions will be indulged in favor of the correctness of the court's action, and the burden in all cases is upon the appellant to make it appear that its discretion was abused in making the order." (*Hecq* v. *Conner*, 203 Cal. 504 [265 Pac. 180].)

It does not appear that the trial court abused its discretion in granting defendant Wolcott the relief from the failure of his attorneys to file the notice within the time provided in section 953a. This is particularly true as he had a right to believe that his attorney had filed the required notice, plaintiffs showed no injury because of the short delay, and

"all presumptions will be indulged in favor of the court's action."

The order is affirmed.

Works, P. J., and Craig, J., concurred.