[Civ. No. 8748. First Appellate District, Division One.—January 25, 1933.]

KEVO ATOWICH et al., Respondents, v. MAX ZIMMER et al., Appellants.

194

Wheeler & Wackerbarth for Appellants.

Joseph M. Wapner for Respondents.

KNIGHT, J.—The defendants appeal from an order relieving plaintiffs from default in failing to file timely request for a transcript on an appeal taken by plaintiffs pursuant to section 953a of the Code of Civil Procedure from a judgment on the merits theretofore rendered against them in the above action.

We find no merit in the appeal. The determination of the question of whether a party shall be relieved from his default must be left almost entirely to the discretion of the trial court, and it is only in exceptional cases that orders granting such relief will be reversed. Aside from the foregoing general rule, it is well settled that failure to file request for the preparation of the transcript within the statutory time is not jurisdictional to the appeal (*Lynch* v. *Coe*, 203 Cal. 422 [264 Pac. 747]; *Rubin* v. *Platt Music Co.*, 79 Cal. App. 756 [251 Pac. 243]; *Tasker* v. *Warmer*, 202

Cal. 445 [261 Pac. 474]); and the decisions show that a liberal policy has been consistently followed in sustaining the action of trial courts in relieving defaulting parties for failure to file such request within the statutory period. For illustration, it has been definitely held that no formal application under section 473 of the Code of Civil Procedure is necessary; that the act of certification of the record by the trial judge is in effect the equivalent of granting relief under said section 473. (*Keys* v. *Mother Lode Extension Mines,* 212 Cal. 612 [299 Pac. 524]; *Weaver* v. *Shell Oil Co.,* 124 Cal. App. 233 [12 Pac. (2d) 167]; *In re Barney,* 191 Cal. 18 [214 Pac. 853, 854].) In so holding, the court in the case last cited said: " . . . if the court had jurisdiction to relieve the appellant under section 473 of the Code of Civil Procedure, the certification of the transcript under these circumstances was an exercise of that power, notwithstanding the lack of formality in the request for such relief." And in *Lynch* v. *Coe, supra,* in dealing with the question of a defective request for a transcript the court stated that technical objections are not favored, as the appellate court, whenever possible, seeks to review the decision of the lower court upon all of the facts which that tribunal had before it when it made its decision.

In the present case notice of entry of the order denying plaintiffs' motion for a new trial was served on November 6, 1930; consequently the ten-day period fixed by statute for the filing of the request for a transcript ended on November 16, 1930. Plaintiffs were represented in the action by two law firms, and it appears that through some misunderstanding between them said request for a transcript was not filed. On December 3d, however, they learned that the same had not been filed, and they took steps immediately to be relieved of such default. The motion in that behalf was made and granted on December 11th, the court directing that said request be filed within three days. In the meantime and on December 1st, the reporter's transcript had been completed, plaintiffs having requested the reporter to prepare the same even before the order was made denying their motion for new trial; and they paid the reporter $250 which was half of the estimated cost of the transcript. Following the granting of the order relieving them from their default, the transcript was settled,

approved and certified by the trial judge, and filed with the Supreme Court; and thereafter plaintiffs filed their opening brief, the cost of printing which, so they assert, was some $230. Furthermore, the record shows that defendants knew at the time they served notice of the entry of the order denying the motion for new trial that plaintiffs had ordered the transcript and that the same was then in the course of preparation; and that on December 1st defendants closed negotiations with the reporter for delivery to them of certain portions thereof.

From the foregoing it clearly appears the plaintiffs intended in good faith to take the appeal and to prosecute the same without delay; that they incurred much expense to obtain a transcript before they learned of the oversight in not filing the request therefor within the statutory period; that they moved promptly to be relieved from their default, and thereafter in due course perfected their appeal. Under such circumstances and in view of the law as declared in the cases above cited, to reverse the trial court's order relieving plaintiffs from their default and thus deprive them of their appeal would be wholly unwarranted.

The order is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.