[L. A. No. 15743. In Bank.—June 30, 1936.]

THE COLBURN BIOLOGICAL INSTITUTE (a Nonprofit Californina Corporation) et al., Appellants, v. FANNIE SHAFFER et al., Respondents.

D. W. Richards, H. F. Poyet and Percy V. Clibborn for Appellants.

Charles M. Easton, Palmyra Pressly and Jefferson P. Chandler for Respondents.

THE COURT.—The plaintiffs have appealed from a judgment declaring void a certain "settlement agreement" and the trusts executed concurrently therewith and in pursuance thereof and further declaring that the plaintiffs Farwell and Oberdorfer were not trustees of the institute at the time of filing the complaint herein and were without authority to join the institute as a party plaintiff.

The respondents have moved to dismiss the appeal "in so far as it purports to be taken or prosecuted by or in the name of the Colburn Biological Institute" on the ground that the institute is satisfied with the judgment rendered in

646

its favor, that is, that the property held in trust be delivered to trustee Shaffer for the benefit of the institute, and has not appealed therefrom nor authorized any person to appeal therefrom on its behalf. It appears from the papers filed in connection with the motion, as well as from the record in the related case of *Colburn Biological Institute* v. *DeBolt,* L. A. No. 15729 (*ante,* p. 631 [59 Pac. (2d) 108], this day decided, that one of the issues involved in this action is the question of which faction of the board of trustees has authority to act for and represent the institute. It is obvious, therefore, that the present motion cannot properly be determined in advance of an investigation of the merits. It is also obvious that the institute will not be prejudiced by a denial of the motion inasmuch as the appeal is being actively prosecuted by the other appellants only. What we say with respect to a similar contention in *Colburn Biological Institute* v. *DeBolt, supra,* is equally applicable here.

The motion should be and it is hereby denied.