[L. A. No. 16291. In Bank.—July 19, 1937.]

LORAYNE PLACKE, as Administratrix, etc., Appellant, v. JOYCE LEE PINNELL, Respondent.

A. G. Vandeventer and J. Lang Felton for Appellant.

Girard F. Baker for Respondent.

THE COURT.—Plaintiff was the losing party in an action tried by the court without a jury (L. A. No. 16290). Plaintiff moved for a new trial. The motion was denied on November 23, 1936, and notice of this ruling was served on plaintiff's counsel on November 24th. On December 17, 1936, plaintiff filed a request for transcript pursuant to section 953a of the Code of Civil Procedure. Because the request was not filed within the time specified by said section, within ten days after notice of order denying new trial, the court refused to settle the transcript. Plaintiff thereupon moved for relief from her default under section 473 of the Code of Civil Procedure on grounds of mistake, inadvertence, and excusable neglect. She filed an affidavit and authorities in support of the motion; defendant filed a counteraffidavit. The motion was heard on February 10, 1937, and the court ordered that it be denied. Plaintiff appealed from this order. The proceeding is now before this court on motion of defendant to dismiss the appeal or affirm the order.

Plaintiff's failure to request preparation of the transcript within the statutory time (sec. 953a, *supra*) did not preclude relief under the provisions of section 473 of the Code of Civil Procedure. (*Revert* v. *Hesse,* 184 Cal. 295 [193 Pac. 943]; *Stenzel* v. *Kronick,* 201 Cal. 26 [255 Pac. 199].) The application was addressed to the sound discretion of the trial court and its order denying relief will not be set aside on appeal unless an abuse of discretion clearly appears. (*Atowich* v. *Zimmer,* 129 Cal. App. 193 [18 Pac. (2d) 370]; *Callaway* v. *Wolcott,* 90 Cal. App. 753 [266 Pac. 574]; *Paolini* v. *Sulprizio,* 201 Cal. 683 [258 Pac. 380].)

The record does not show an abuse of discretion in denying the relief sought. It appears that on November 16, 1936, plaintiff's counsel asked the court to delay its ruling

on the motion for new trial because certain circumstances had arisen which made it necessary for him to leave immediately for a short trip east. The court refused this request. Counsel, with knowledge that the ruling would not be delayed, made the eastern trip and returned to his office on November 30th, five days before the time to file the request for transcript would expire. Meanwhile, on November 24th, notice of the order denying a new trial had been served at the office and placed under counsel's desk blotter, where, he avers, he discovered it for the first time on December 17th. He also avers, however, that he actually learned that a new trial had been denied on December 8th when he inquired of the clerk of the court relative to the fate of a motion to tax costs in the case. Notwithstanding this information he delayed until December 17th filing the request, which he avers "had been prepared many days prior thereto, but concerning the filing of which" he "knew of no need for haste". In this situation it cannot be said that the court below abused its discretion in denying relief.

The order is affirmed.

Rehearing denied.