CAGUAS COMPANY, INC., Plaintiff and Appellee, v. ALEJANDRO LÓPEZ FAUCT, Defendant and Appellant.

No. 8133.   Argued February 12, 1940.—Decided February 23, 1940.

*Mimoso, Vendrell & Mimoso* for appellant.   *Fiddler, McConnel & González* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The dismissal of the appeal taken in the present case is sought on the ground that in order to prepare the transcript of the evidence there was granted on application an extension of the term for filing the same after the expiration of a previous term.

It is alleged in the motion that on December 13, 1939, the stenographer was granted a 20-day extension of the term for preparing the transcript of the evidence, which expired,

counting from the 17th when the previous term expired, on the 6th of the following January, and that it was not until the 12th of January that the appellant obtained on motion a new extension. It is maintained that this extension is ineffective because the court had lost its jurisdiction to proceed with the case under the decisions of this court.

In order to fully state the facts, the certificate issued by the secretary of the district court attached to the motion is transcribed as follows:

"That in the above entitled case and dated October 19, 1939, this district court rendered a judgment whereby Alejandro López Fauct was ordered to pay to the plaintiff $24,034.33. . . .

"That, dated November 21, 1939, there appears in the record a notice of appeal from the said judgment filed by defendant Alejandro López Fauct . . . . .

"That on November 27, 1939, this district court, on motion of the defendant, made an order directing the stenographer to prepare and file in the office of the secretary, within the statutory term, the transcript of the evidence for the purpose of said appeal;

"That on December 13, 1939, this court allowed the stenographer a 20-day extension for filing the said transcript of the evidence, to be counted from December 17, 1939;

"That on January 12, 1940, this court granted, on motion, a new extension of 30 days for filing the transcript of the evidence, to be counted from the expiration of the latest extension.

"That up to the present the transcript of the evidence has not been filed in this office . . . ."

The appellant opposed the dismissal and alleged, among other grounds, his diligence in prosecuting his appeal and the jurisprudence laid down by this court in *Báez* v. *Honoré, ante*, p. ___, by virtue of which the former jurisprudence invoked by the appellee was reversed.

Under the former jurisprudence the dismissal of the appeal would lie because then it would have been necessary to conclude that the appeal was being prosecuted without authority, as the latest term would have been granted by a court without jurisdiction; however, as it was recognized

in *Báez* v. *Honoré, supra,* that district courts have and always have had jurisdiction to relieve a party from the effects arising from the expiration of a term and to grant a new term, the situation varies.

The facts in this particular case do not clearly appear from the record. It only appears from the record that an extension would expire on the 6th of last January and that the following extension was applied for on the 12th, that is, six days later, and that the same was granted to be counted from the expiration of the latest extension," and it is this provision that might lead us to conclude that the judge acted upon the knowledge that the term had expired. This would bring the case within the rule laid down in *Municipality of Aguas Buenas* v. *De la Fuente, ante,* p. ___, in which the precedent established in *Báez* v. *Honoré, supra,* was applied to certain facts and circumstances, and in which it was stated as follows:

"As may be seen, an implied granting is proper. From the motions filed by both sides the conclusion is reached that the judge acted with knowledge of the actual facts. His attention was called to his want of jurisdiction, according to the appellee, because of the expiration of the term without a request for an extension thereof. The appellant alleges that it requested the missing extension by mail, like the others, and that it was mindful of the prosecution of its appeal is shown by its insistence on the extension covering the next month and the timely filing of the transcript.

"The silence of the judge is perhaps explained by the practice controlling then; yet every circumstance tends to show, rather justifies the assertion, that he acted knowingly and certainly because he considered that it would have been unfair under the attendant circumstances to preclude the appellant from fully submitting his case to the appellate court."

But even if nothing at all appeared from the record to lead to the conclusion that the expiration was known to the judge, even then, we would be inclined to conclude, carrying to its limit the rule laid down in *Báez* v. *Honoré* and *Municipality of Aguas Buenas* v. *De la Fuente, supra,* that the last

term was granted by the court with jurisdiction because the granting in itself reveals the purpose of the court in the sense of keeping open the term within which the appeal taken may be perfected.

From a *per curiam* opinion delivered by the Supreme Court of California, in *Colburn Biological Institute et al* v. *DeBold,* 6 Cal. (2d) 631, 59 P. (2d) 108, which is the most recent of those relied upon by Bancroft—cited in *Báez* v. *Honoré, supra,* and cited again in *Municipality of Aguas Buenas* v. *De la Fuente, supra*—for his assertion that the old rule of said State had been modified in the sense that the certification of the record for the purpose of appeal by the trial court is equivalent to relief from default, under section 473 of the Code of Civil Procedure, in serving and filing a bill of exceptions, we transcribe as follows:

"The respondents have moved for a dismissal of this appeal on the ground that appellant failed to serve and file her proposed bill of exceptions within the time provided by section 650 of the Code of Civil Procedure (as amended by St. 1933, p. 1878, sec. 114), which motion we shall consider before discussing the case on its merits. . . . . . .

"The certification by the trial court is conclusive of this motion. It is well settled that certification of the record by the trial judge is the equivalent of relief from default under section 473 of the Code of Civil Procedure (as amended by St. 1933, p. 1851, sec. 34) and within the exercise of the sound discretion of the court." (citations). "Respondent insists, however, that the proposed bill of exceptions not having been presented within six months of the expiration of the time allowed by section 650 of the Code of Civil Procedure, the jurisdiction of the court to relieve from the default had expired. In support of this contention respondents cite *Buis* v. *Lindauer Corp.,* 116 Cal. App. 558, 3 p. (2d) 18. We are satisfied that the better rule is that the six months' period within the trial judge retains jurisdiction to relieve from default is not set in motion until some proceeding or action is taken by the adverse party based upon the default or some order of the court is made as a result thereof." (Citations.) "In so far as *Buis* v. *Lindauer Corp., supra,* holds to the contrary it is overruled.

"Relying upon *Rossi* v. *Scott, Magner & Miller,* 41 Cal. App. 646, 183 P. 263, the respondents urge that where the bill of exceptions is settled although it has not been presented within the time provided and respondent has made timely objection to its settlement, the burden is upon the appellant to incorporate in the record affirmative matter in excuse of his delay and that in the absence of such a showing the bill of exceptions, although settled by the trial court, cannot be considered upon appeal. In answer to this contention it may be pointed out, first, that it does not appear upon the face of the bill of exceptions in the case now before us that respondents were not served within the time allowed with the proposed bill of exceptions, and, second, that this rule is no longer rigidly enforced, the matter of excuse for delay being considered to be more properly a subject for investigation by the trial court. *Stenzel* v. *Kronick, supra* (201 Cal. 26, 255 P. 199); *Rubin* v. *Platt Music Co., supra* (79 Cal. App. 756, 251, P. 243)."

By virtue of the foregoing, the motion to dismiss shall be denied, but leave is granted to reproduce the same if the appeal is not perfected within the period of one month from today, as the ninety days fixed by the rule has expired and this shall not be understood that this court, by establishing its new rule, is doing something that might be construed as encouraging the slow prosecution of appeals.

Mr. Justice Wolf, dissented.