[L. A. No. 16550. In Bank.—September 21, 1938.]

THE COLBURN BIOLOGICAL INSTITUTE (a Non-profit Corporation) et al., Respondents, v. FANNIE SHAF-FER, as Trustee, etc., Appellant.

Charles M. Easton and Palmyra Pressly for Appellant.

H. F. Poyet and John F. Poole for Respondents.

THE COURT.—We are here confronted with another phase of the protracted litigation that has been waged on

several fronts by the members and trustees of The Colburn Biological Institute, a nonprofit corporation, for control of the organization and its properties. Upon a prior appeal wherein the opposing factions likewise were at loggerheads, we affirmed a judgment of the Superior Court of Los Angeles County determining that Dr. Nora H. Bates, Dr. Alice M. Farwell, C. Cccelia Oberdorfer and Dr. Fannie Shaffer constituted the board of trustees of the institute. (*Colburn Biological Institute* v. *DeBolt*, 6 Cal. (2d) 631 [59 Pac. (2d) 108].) On the authority of that decision and in reliance on article XIII of the by-laws of the institute, to the effect that "Any document or resolution of the trustees or of any committee, if signed by three-fourths of the trustees or by all of the members of any committee, will be as binding upon the institute as though passed at a regular meeting of the committee or a special, stated or annual meeting or adjourned meeting of the trustees," the three trustees first above named have moved this court to substitute Henry T. Poyet as attorney of record herein for the institute in order that they and the institute, through such substituted attorney, may procure the dismissal, contemporaneously moved, of the present appeal prosecuted by the trustee last above named purportedly for and on behalf of the plaintiff institute from an order granting a new trial to the plaintiffs in the action wherein, as stated, the rival factions are again contending for control of the organization. The new trial was moved for and granted under the provisions of section 953e of the Code of Civil Procedure which provides for such relief, in the discretion of the trial court, when the death of the phonographic reporter precludes the procurement of a record of the trial proceedings.

Inasmuch as three of the four persons heretofore determined by this court to be the trustees of the institute have joined in urging the respective motions, we are of the view that under the provisions of article XIII of its by-laws, above quoted, they are in a position to speak for and on behalf of the institute and effect should therefore be given to their desires in the premises. Moreover, a granting of the requested relief will be another step toward the termination of this litigation and will do much to obviate a contrary adjudication as to the personnel of the institute's trustees. Diametrically opposed judgments upon this legal issue would present

an anomalous and wholly unsatisfactory situation. (*Inyo Chemical Co.* v. *City of Los Angeles,* 5 Cal. (2d) 525 [55 Pac. (2d) 850] ; *Southern Pac. Co.* v. *City of Los Angeles,* 5 Cal. (2d) 545, 548 [55 Pac. (2d) 847].)

The application for leave to take additional evidence is denied.

The motions for substitution of attorneys and to dismiss the appeal are, and each is, granted and the appeal is dismissed.

Rehearing denied.