[L. A. No. 16919.   In Bank.—September 21, 1938.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. EDWARD STONE et al., Defendants; THE COLBURN BIOLOGICAL INSTITUTE (a Nonprofit Corporation), Appellant.

John F. Poole in support of motions.

Palmyra Pressly, Charles M. Easton, and H. F. Poyet for Appellant.

Ray L. Chesebro, City Attorney, Arthur W. Nordstrom and Arthur Loveland, Deputies City Attorney, for Respondent.

THE COURT.—A hearing was granted in this cause after decision by the District Court of Appeal in and for the Second Appellate District, Division One, not because of any dissatisfaction with the opinion of that court but solely because of the pendency here of another appeal wherein three of the four trustees of The Colburn Biological Institute sought, as in the instant case, to procure a substitution of attorneys for the institute and a dismissal of an appeal on its behalf. We have this day granted the requested relief in such other appeal (*The Colburn Biological Institute* v. *Shaffer*, L. A. No. 16550, *ante*, p. 168 [82 Pac. (2d) 938]), as did the District Court of Appeal herein. Therefore, and upon the authority of the cited case, as well as for the reasons advanced by Mr. Justice White in his opinion prepared herein when the cause was pending before the District Court of Appeal, we hereby adopt said opinion as and for the decision of this court. It reads:

"This is a motion by appellant, acting through three of its four trustees, for a substitution of attorneys and a dismissal of this appeal. For an understanding of the pending proceeding it will be necessary to set out some of the facts in connection with the litigation.

"This action was commenced October 23, 1928, under the Street Opening Act of 1903 (Stats. 1903, p. 376), for the opening, widening, extending and laying out of Allesandro street from the Los Angeles river to Glendale boulevard. In November 1929, to the end that some immediate improvement work might be done in Allesandro street to handle the volume of traffic, the Los Angeles city council ordered the board of public works to prepare plans and advertise for bids for the paving of that portion of Allesandro street then owned by the city. Subsequently, upon the petition of various organizations and citizens that a wider pavement be constructed, and upon certain property owners, including appellant herein, giving a written consent to the city to enter upon a portion of the land then being

condemned in this action and construct thereon a concrete sidewalk, the city proceeded to construct the sidewalk in accordance with the terms of said agreement between such property owners and the city. Thereafter, an interlocutory judgment was entered in this cause, determining the amount of awards to be paid to each defendant therein, and assessments were spread under the provisions of the Street Opening Act of 1903 for the purpose of raising funds with which to pay these awards. Following this, the city council determined that the awards made were so excessive and the assessments spread against each property so high in proportion to the actual value of the property, that in the opinion of the city council the property in said assessment district could not bear the burden of such high assessments. As an example of the wisdom of the city council in thus determining, it might be said that the assessment against the property of appellant herein alone was in excess of $39,000, whereas its award in said action for land sought to be taken and severance damage was but $15,005.73. No public funds being available for contribution to the cost of the improvement for the purpose of reducing said assessments, the city council on December 18, 1935, adopted an ordinance abandoning said condemnation and said assessment proceedings. The city did not at any time take immediate possession of any of the land sought to be condemned in said action by virtue of said proceedings, or any possession other than that pursuant to the agreements aforesaid.

"When in May, 1937, the city of Los Angeles made a motion to dismiss the action in the superior court, appellant herein, who was one of the defendants, filed written objections to the dismissal and made a motion for an order requiring the city to pay to said defendant institute the award theretofore rendered in its favor by the interlocutory judgment. When this last named motion was heard jointly with the city's motion for dismissal, the latter motion was granted, while the institute's motion for an order compelling the city to pay the award theretofore rendered in favor of the institute was denied. The defendant institute filed a memorandum of costs, including an item for attorney's fees. A motion to retax costs was made on behalf of plaintiff city, and defendant institute filed a motion for a writ of execution to be levied against the award found in favor of said institute in the

interlocutory judgment, which last motion for a writ of execution was denied, and defendant institute's costs were taxed in the sum of $227.50, which amount the city paid into court for the benefit of defendant institute. Thereafter, defendant institute took an appeal from the judgment of dismissal and from the order of the superior court denying to it a writ of execution on the interlocutory judgment. These appeals are now pending before this court and are the appeals which are here sought to be dismissed.

''Subsequent to the taking of said appeals, Colburn Biological Institute filed an action against the city of Los Angeles wherein it sought to recover damages from the city alleged to have arisen out of the abandonment of the condemnation proceedings, but not for the collection of the award made in said proceedings. Thereafter, under date of March 10, 1938, respondent's city attorney wrote a letter to the attorneys representing all four of the trustees of said Colburn Biological Institute, wherein it was stated that the city attorney would recommend to the city council a compromise of said appeals and claims in the sum of $3,500, if acceptable to the institute. Thereafter respondent city received a letter from the attorney representing trustee Dr. Shaffer, rejecting the offer of settlement; and approximately a month later respondent city received a joint letter from attorneys representing the remaining three trustees of the institute, Dr. Bates, Dr. Farwell and Miss Oberdorfer, agreeing to accept the sum of $3,500 in full settlement of said action for damages. The Los Angeles city council thereafter approved such settlement and directed that the sum of $3,500 be paid to Colburn Biological Institute in full settlement of its claim for damages against the city and for a dismissal of all actions and proceedings pending against the city arising out of the abandonment and dismissal of said condemnation proceedings and the taking of possession by the city of the real property belonging to said Colburn Biological Institute by virtue of the aforesaid written permit and agreement.

''Three of the four trustees caused to be executed the necessary deed to the city, and the city is now ready and willing to deliver to Colburn Biological Institute the sum of $3,500 when said institute can give to the city proper dismissals of the appeals and actions for damages aforesaid.

"One of the trustees, Dr. Shaffer, opposes the motion for substitution of attorneys on behalf of appellant institute on the ground that the other trustees are acting without authority and in violation of the by-laws of said corporation and in defiance of the best interests and welfare of the institute.

"With the differences that apparently have arisen between one of the trustees and her three colleagues on the board, and which from the record appear to have been of long years' duration, we have no concern. ██ The only questions before us, are, first, whether the three trustees who seek a substitution of attorneys and dismissal of the appeal are duly qualified and acting trustees of the appellant institute; and secondly, if they are duly qualified trustees, do they possess the power to substitute counsel and thereupon, as appellants, to dismiss their appeal?

"The . . . court has settled the first question . . . in the case of *Colburn Biological Institute et al.* v. *DeBolt,* 6 Cal. (2d) 631 [59 Pac. (2d) 108], wherein [we] affirmed a judgment of the superior court of Los Angeles county deciding that Dr. Nora H. Bates, Dr. Alice M. Farwell, C. Cecilia Oberdorfer and Dr. Fannie Shaffer (the latter of whom opposes the motion herein), constituted the board of trustees of Colburn Biological Institute. As to the authority of any three of the four trustees to act for and on behalf of appellant institute, we are directed to article XIII of the by-laws of Colburn Biological Institute, a corporation, which provides as follows: 'Any document or resolution of the trustees or of any committee, if signed by three-fourths of the trustees or by all of the members of any committee, will be as binding upon the institute as though passed at a regular meeting of the committee or a special, stated, or annual meeting or adjourned meeting of the trustees.'

"It follows from the foregoing that the three trustees, constituting a majority and three-fourths of the board of trustees of appellant institute, are authorized by their by-laws to substitute counsel in the corporation's appeal herein."

It is therefore ordered that the motion to substitute attorneys be and the same is hereby granted. It is further ordered that appellant's motion to dismiss the appeal herein be and the same is granted, and the appeal is dismissed.

Rehearing denied.